IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL ACTION |
| v. | NO. 10-742-2 |
| TUAN LE | |

### MEMORANDUM OPINION

Defendant Tuan Le moves for compassionate release pursuant to the First Step Act, 18 U.S.C. § 3582(c)(1)(A)(i), in consideration of the dangers posed by COVID-19. For the reasons that follow, Le's motion will be denied.

### I. BACKGROUND

Tuan Le and an accomplice robbed two grocery stores in South Philadelphia at gunpoint on the night of January 28, 2010. Le has served 121 months of a 300-month sentence for Hobbs Act robbery, conspiracy to commit Hobbs Act robbery, and using a firearm during the commission of a crime of violence. Le is serving this sentence at FCI Williamsburg.

On September 28, 2020, Le filed a pro se motion for compassionate release pursuant to the First Step Act, 18 U.S.C. § 3582(c)(1)(A)(i). He had previously applied for a Reduction in Sentence from the Warden of FCI Williamsburg, which the warden denied on August 24, 2020 because Le's purported need to provide care for an ailing grandparent does not qualify as an extraordinary or compelling reason justifying release under the statute. Le now moves for compassionate release, arguing that he is at a high risk for a severe outcome from a COVID-19 infection because of his obesity, as indicated by his high Body Mass Index (BMI), and his high blood pressure, which he treats or has treated with Lisinopril, aspirin, diet, and exercise.

1

Additionally, Le seeks release to assist his sister with caring for his 75-year-old grandmother, who recently underwent stomach surgery and is unable to care for herself.  The Government opposes Le's motion, arguing that Le's medical conditions are managed in prison, he has served a limited amount of time on his sentence, and he poses a danger to the community due to the violent nature of his offense.

## II. DISCUSSION

The First Step Act's amendments to Section 3582(c) "allow incarcerated defendants to seek compassionate release from a court on their own motion, not just through the Bureau of Prisons." *United States v. Thorpe*, 2019 WL 6119214, at *1 (C.D. Ill. Nov. 18, 2019); *see* 18 U.S.C. § 3582(c)(1)(A) ("[T]he court, . . . upon motion of the defendant . . . may reduce the term of imprisonment. . . .").  Specifically, provided the defendant has exhausted his administrative remedies, Section 3582(c) permits a district court to reduce a defendant's sentence "after considering the factors set forth in [18 U.S.C.] § 3553(a) to the extent that they are applicable, if it finds that . . . extraordinary and compelling circumstances warrant such a reduction . . . and that such reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A).  Here, Le has exhausted his administrative remedies by unsuccessfully requesting release from the warden of FCI Williamsburg, and his motion is therefore ripe for consideration.  18 U.S.C. § 3582(c)(1)(A) (explaining that a defendant moving a court for compassionate release must first "ha[ve] fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf, or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier").

According to U.S.S.G. § 1B1.13, which is the Sentencing Commission's policy

statement on Section 3582(c)(1)(A), a defendant's medical condition may constitute a basis for release.[1]  Section 1B1.13 defines a serious medical condition as "extraordinary and compelling" if it "substantially diminishes [defendant's ability] to provide self-care within the environment of a correctional facility and from which he . . . is not expected to recover."  *See* U.S.S.G. § 1B1.13 n.1.  It is the defendant's burden "to prove extraordinary and compelling reasons exist." *United States v. Adeyemi*, 2020 WL 3642478, at *16 (E.D. Pa. July 6, 2020).

According to his medical records and motion for release, Le is severely obese and has high blood pressure.  In the past he took Lisinopril for his high blood pressure, but he later elected to stop medication and manage his health with diet and exercise.  As of April 3, 2020, his medical records show his hypertension was "improved and controlled off meds" and note that the BOP "[w]ill monitor" his condition.  Because his BMI is over 40, Le is considered "severely obese" by the Center for Disease Control (CDC).  *See* Center for Disease Control, *People with Certain Medical Conditions*, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html#obesity (last updated Oct. 16, 2020).  Despite his obesity, a March 25, 2019 chest film found no acute cardiopulmonary disease, clear lungs, and normal heart size.

The government concedes that, under U.S.S.G. § 1B1.13 n.1, Le's obesity is "a serious physical or medical condition . . . that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility" during the COVID-19 pandemic.  The CDC lists "severe obesity" as an underlying medical condition that puts a person at an increased risk of severe illness in the event of a COVID-19 infection.  *See* CDC,

---

[1] Le's desire to be released so as to assist in caring for his relative is not a basis for release.  *See* U.S.S.G. § 1B1.13 n.1 (defining family circumstances as compelling only in the case of death or incapacitation of the defendant's minor child or children, or spouse or partner).

https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html#obesity (last updated Oct. 16, 2020).  During the pandemic, Le's ability to provide self-care within a correctional facility, for example his ability to manage his weight and high blood pressure through exercise and to avoid an unfavorable outcome if he is infected with COVID-19, may be diminished.

Nevertheless, Section 3582(c) permits a district court to reduce a defendant's sentence based on a qualifying medical condition only "after considering the factors set forth in section § 3553(a) [2] to the extent that they are applicable[.]"  18 U.S.C. § 3582(c)(1)(A).  In consideration of the relevant factors under Section 3553(a), in particular the nature and seriousness of Le's violent offense, his request for compassionate release will be denied.  Section 2553(a) directs the court to consider the nature and circumstances of the offense, as well as the need for the sentence to reflect the seriousness of the offense, afford adequate deterrence to criminal conduct, and protect the public from future crimes of the defendant.  As Le concedes in his motion, his offense was "decidedly serious."  During two armed robberies, Le threatened grocery store customers with a gun while taking their money and personal belongings.  Le and his accomplice pointed the gun at victims and threatened their lives.  Le has served 121 months of his 300-month sentence.  Release after serving less than half of his sentence does not reflect the serious nature of robbing

---

[2] Section 3553(a) directs a sentencing court to consider:

    (1) the nature and circumstances of the offense and the history and characteristics of the defendant;
    (2) the need for the sentence imposed—
        (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
        (B) to afford adequate deterrence to criminal conduct;
        (C) to protect the public from further crimes of the defendant; and
        (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner.

unsuspecting grocery store shoppers at gunpoint whiling threatening their lives and would fail to deter such conduct. *See United States v. Daniels*, 2020 WL 4674125, at *3 (E.D. Pa. Aug. 12, 2020) (finding that "compassionate release at this stage . . . would not reflect the seriousness of the offense, promote respect for the law, or provide just punishment for his offense" where inmate suffered from obesity, but has served less than half of 180- month sentence as an armed career criminal).

 Section 3553(a) also directs the court to consider the relevant characteristics of the defendant—here, his health concerns—and the need to provide for medical care in the most effective manner. Neither of these factors weigh in favor of compassionate release. While Le's obesity places him at a general increased risk in the event of a COVID-19 infection, Le has not demonstrated that FCI Williamsburg is unable to provide him with medical care or protect against the risk of infection. FCI Williamsburg has had only nine inmates test positive for COVID-19 over the course of the pandemic, four of whom have already recovered. *See* Federal Bureau of Prisons, *COVID-19 Cases*, https://www.bop.gov/coronavirus/. There have been no COVID-19 related deaths at the facility. *Id*. Moreover, Le's medical records indicate that the BOP is regularly monitoring his weight and blood pressure, which is currently controlled by diet and exercise, and will provide additional treatment if necessary. Beyond high blood pressure, Le's obesity has not caused other serious health concerns that require medical treatment, such as diabetes or cardiovascular disease. In short, Le is receiving adequate medical care for his health concerns and has not demonstrated a significant risk of COVID-19 infection at his facility. *See United States v. Buckman*, 2020 WL 4201509, at *4 (E.D. Pa. July 22, 2020) ("When prisons can keep the number of positive COVID-19 cases low . . . the risk of exposure is too speculative to render the circumstances extraordinary and compelling.").

In consideration of the violent nature of Le's offense and the ability of FCI Williamsburg, particularly given its low rate of infection, to manage his medical care in prison, Le fails to demonstrate that release would be appropriate under Section 3553(a).  His motion will therefore be denied.

An appropriate order follows.

**October 22, 2020**                                        **BY THE COURT:**


*/s/ Wendy Beetlestone*

**WENDY BEETLESTONE, J.**